# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALFRED T. SAPSE, and RALPH M. CONTI,

    Defendants.

Case No. 2:10-CR-00370-KJD-RJJ

**ORDER**

    Presently before the Court is Defendant Ralph M. Conti's Motion *in Limine* (#131). Plaintiff filed a response in opposition (#137).

    On page twenty-seven (27) of his motion, Defendant finally reveals that he is moving that the Government be ordered during the course of trial to refrain from "any mention of Food and Drug approval, 'unapproved products', or claim [sic] that the Food and Drug Administration had jurisdiction to regulate the conduct charged in this indictment." Having read and considered the motion and the Government's opposition, it is denied without prejudice.

    Generally, a motion *in limine* may be used to exclude inadmissible or prejudicial evidence before it is offered at trial. See Luce v. U.S.. 469 U.S. 38, 40 n.2 (1984). An order *in limine* avoids the futile attempt to "unring the bell" when jurors have seen or heard inadmissible evidence, even

when stricken from the record. See Brodit v. Cambra, 350 F.3d 985, 1004-1005 (9th Cir. 2003). Motion *in limine* may also save time by ruling on evidentiary disputes in advance, minimizing side-bar conferences and other disruptions at trial and potentially obviating the need to call certain witnesses. See United States v. Tokash, 282 F.3d 962, 968 (7th Cir. 2002).

In this case, the Government agrees that the Food and Drug Administration ("FDA") does not regulate the practice of medicine. Instead, the Government argues that the FDA does regulate products, in this instance, human placental tissue. Further, the charges are for conspiracy and wire and mail fraud related to alleged misrepresentations made by Sapse and Conti in order to obtain, fraudulently, money from patients and investors by providing implantation of human placental tissue. Thus, without first hearing the foundation laid by the Government, it would be impossible to tell whether statements related to "Food and Drug approval", "unapproved products", or "FDA jurisdiction to regulate" were relevant to the charges in this action or not relevant.

To the extent that Defendant Conti seeks an order declaring the existence of the FDA, FDA regulations in general, or regulation of 'human placental tissue' unconstitutional under the Commerce Clause, the Court denies the motion.

Accordingly, IT IS HEREBY ORDERED that Defendant Ralph M. Conti's Motion *in Limine* (#131) is **DENIED**.

DATED this 29th day of October 2012.

Kent J. Dawson
United States District Judge